The Honorable Marc McCune Prosecuting Attorney Twenty-First Judicial District 208 South 3d Street Van Buren, AR 72956
Dear Mr. McCune:
I am writing in response to your request for my opinion on three questions arising from the following reported facts:
 In December 2003, the Crawford County Quorum Court levied millage for the county school districts. Alma School District only requested 15.1 mills for maintenance and operation and that amount was levied by the Quorum Court. On February 10, 2004, Act 105 of the Second Extraordinary Session of 2003 was approved by the General Session [sic:" Assembly"]. On March 11, 2004, Hon. Jerry Williams, Crawford County Judge, received a letter from the Arkansas Department of Education. This letter notified Judge Williams of the deficiency of the Alma maintenance and operation millage in the amount of 9.9 mills short of the constitutional requirement of 25 mills. The letter and Act 105 instruct Judge Williams to immediately issue an order to the County Clerk to change the millage for maintenance and operation to the appropriate amount to be in compliance with the Arkansas Constitution.
My inquiries reveal that the Crawford County Attorney has apparently advised the Crawford County Tax Collector, for reasons not explained to me, that collecting the tax pursuant to the Crawford County Clerk's change of millage might expose the Collector or the County to some liability. It is further my understanding that counsel have called into question the constitutionality of Act 105 in proceedings before the special masters appointed to advise the Arkansas Supreme Court regarding the State's efforts to comply with the court's mandate in Lake ViewSchool District v. Huckabee, 351 Ark. 31, 91 S.W.3d 472 (2002).
Against this backdrop, you have posed the following questions:
 1. Act 105 of the 2nd Ex. Sess. Of 2003 instructs the county court to issue an order to the county clerk to amend the millage amount levied in December 2003. Does Act 105 further authorize the Tax Collector to collect on the new maintenance and operation millage rate in 2004?
 2. Does the Tax Collector collect taxes in 2004 on the 15.1 millage rate for maintenance and operation or on the 25 millage rate for maintenance and operation for the Alma School District?
 3. On the approximate $30,000 that has already been collected from Alma residents, does Act 75 [sic: "105"] authorize the Tax Collector to now go back and collect an additional 9.9 mills for maintenance and operation from those residents?
RESPONSE
I must respectfully decline to issue an opinion on these questions as the matter of Act 105's application and constitutionality has apparently been put at issue before the Supreme Court masters and may likely become the subject of litigation before the Crawford County Circuit Court. It has long been the policy of this office to avoid rendering opinions on matters that are the subject of current or impending litigation. See Op. Att'y Gen. 2002-031 ("[I]n order to avoid encroaching upon exclusively judicial prerogatives, it has long been the policy of this executive-branch office to avoid rendering opinions on matters that are either pending or appear inevitably bound to be submitted to the courts for resolution."); and Op. Att'y Gen. 96-138 (declining to issue an opinion where litigation was imminent on the question presented, where school districts had already obtained counsel in the matter, and where the Attorney General's office was charged with the duty of defending a state agency).
Without presuming to opine on the applicability of Act 105 in considering the dispute you have described, I will acknowledge having opined as follows regarding the county's obligation to levy and to collect the 25-mill uniform rate of tax mandated by Ark. Const. amend. 74:
 Moreover, regardless of what action the state might take, the above passage [from Lake View] is implicitly a charge to county officials, in the exercise of their constitutional duties as defined in Amendment 74, to compute and to levy a 25-mill property tax in accordance with constitutional principles. . . . Subsection (b)(1) of Amendment 74 bluntly declares that "[t]here is established a uniform rate of ad valorem property tax of twenty-five mills" (emphasis added) — a pronouncement echoed verbatim at A.C.A. § 26-80-101(a). I have emphasized the verb in this language to stress that the voters, in adopting Amendment 74, themselves actually imposed the levy as a matter of constitutional law, leaving it up to county officials only to undertake such actions as are necessary to collect the amounts levied.
Ark. Op. Att'y Gen. No. 2003-031. Although I continue to subscribe to this analysis, given the pendency of this issue before the Arkansas Supreme Court as presented to the masters in recent hearings, I will refrain from offering any opinion regarding how the uniform rate of tax should be collected in the wake of the legislature's enactment of Act 105.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh